```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MALQUISUA MENDEZ,

                Plaintiff,

        -against-                    MEMORANDUM AND ORDER
                                     10-CV-1960 (JS)(WDW)
ACTING SHERIFF, NASSAU COUNTY
CORRECTIONAL CENTER,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Malquisua Mendez, Pro Se
                    09006664
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is incarcerated pro se plaintiff Malquisua Mendez's ("Plaintiff") application to proceed in forma pauperis and Complaint alleging violation of his Constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons that follow, the application to proceed in forma pauperis is GRANTED.

BACKGROUND

Plaintiff's brief Complaint alleges that on September 1, 2009 he "broke his left knee while playing handball at Nassau County Correctional Center." According to the Complaint, an X-ray showed that Plaintiff's knee was broken in three places. Plaintiff alleges that Nassau County Correctional Center failed to provide necessary medical care and Plaintiff now seeks knee surgery as the

exclusive relief in this lawsuit.

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED.

II. <u>Application Of The Prison Litigation Reform Act</u>

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in</u> <u>forma</u> <u>pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A (a) & (b); <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that <u>pro</u> <u>se</u> complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's <u>pro</u> <u>se</u> Complaint liberally and interpret it raising the strongest arguments it suggests. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197,

2

167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

A. Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RMM) (ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff

must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

B. Eighth Amendment Inadequate Medical Care

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Prohibited punishment includes that which "involve[s] the unnecessary and wanton infliction of pain. Streeter v. Goord, 519 F. Supp. 2d 289, 297 (S.D.N.Y. 2007) (quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976)). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to [his] serious medical needs." Smith v. Carpenter, 316 F.3d 178, 183 (2d Cir. 2003) (internal quotation marks and citations omitted) (alteration in original). This standard contains a two prong test both objective and subjective. Id. "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." Id. at 183-84 (citing Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)).

1. Objective Prong

For a plaintiff to satisfy the objective prong, the alleged deprivation must be "sufficiently serious." Wilson v.

4

Seiter, 501 U.S. 294, 298, 298 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). To be sufficiently serious, the deprivation must contemplate "a condition of urgency, one may produce death, degeneration or extreme pain." Hathaway, 37 F.3d at 66. "A serious condition exists where the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).

It is well established that more than minor discomfort or injury is required for a plaintiff to demonstrate a serious medical need. Compare, e.g., Henderson v. Doe, No. 98-CV-5011, 1999 WL 378333 (S.D.N.Y. June 10, 1999) (broken finger does not rise to sufficient level of urgency); Neitzke v. Williams, 4910 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (broken hip is a serious injury); Bryan v. Endell, 141 F.3d 1290, 1293 (8th Cir. 1998) (broken hand is a serious medical condition); Durham v. Nu'Man, 97 F.3d 862, 869 (6th Cir. 1996) (broken arm is an "undeniably serious" injury); Benning v. Ehrits, No. 08-CV-0815, 2009 WL 2982973, at *1 (N.D.N.Y. Sept. 14, 2009) (broken arm is serious injury); Hernandez v. Harrison, No. 07-7489 (JVS) (JC), 2008 WL 4836046, at *13 (C.D. Cal. Oct. 29, 2008) (broken leg is a serious injury).

2. Subjective Prong

The subjective prong of the deliberate indifference

5

analysis requires that the plaintiff demonstrate the official acted with a sufficiently culpable state of mind. See Wilson, 501 U.S. at 299. "The required state of mind, equivalent to criminal recklessness, is that the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To satisfy the subjective prong of the deliberate indifference standard, a plaintiff must prove that the prison official was aware of, and consciously disregarded, the prisoner's medical condition. Chance, 143 F.3d at 703.

Here, upon careful review of the Complaint, the Court finds that, at this early stage, Plaintiff's Eighth Amendment claim is plausible. The Complaint alleges that Plaintiff suffered an injury in which his knee was broken in three places as was reflected in an x-ray taken following the injury. (Compl. at ¶ IV.) Such allegation, taken as true, demonstrates that Plaintiff has alleged the existence of a "sufficiently serious" injury. See Wilson, 501 U.S. at 298. While it may be that Plaintiff is unable to prevail on his claims, the Court's uncertainty does not justify dismissal at this early juncture. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004). Accordingly, the application to proceed

in forma pauperis is GRANTED and the United States Marshal for the Eastern District of New York is directed to serve the Complaint.

CONCLUSION

Plaintiff's motion to proceed in forma pauperis is GRANTED. The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's authorization in his in forma pauperis application. The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon the Defendant without prepayment of fees. Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June  28 , 2010
Central Islip, New York