UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MALQUISUA MENDEZ,

                       Plaintiff(s),                          **REPORT AND**
                                                                **RECOMMENDATION**
     -against-                                                    CV10-1960 (JS) (WDW)

ACTING SHERIFF OF NASSAU COUNTY,
 et al.,

                       Defendant(s).
------------------------------------------------------------X
MALQUISUA MENDEZ,

                       Plaintiff(s),
     -against-                                                    CV10-2573 (JS) (WDW)

MICHAEL SPOSATO, Acting Sheriff,
                       Defendant(s).
------------------------------------------------------------X

**WILLIAM D. WALL, United States Magistrate Judge:**

By order dated July 27, 2011, issued verbally at a telephone status conference and committed to a written order that was mailed to the pro se plaintiff on that date, I directed the plaintiff to file and serve a written narrative statement as directed by the previously entered discovery orders (DE[16]in both cases), no later than August 31, 2011.  The plaintiff was specifically warned that "failure to do so will result in this court's recommendation that the cases be dismissed." No statement having been served (upon information from the defense counsel), or filed, I now recommend the dismissal of both cases.

A discovery scheduling order was entered in both cases on January 26, 2011, requiring the plaintiff to file and serve a narrative statement no later than March 23, 2011.  He did not do so.  As noted *supra*, a telephone conference was held on July 27, 2011 at which I gave the plaintiff until August 31 to file his narrative statements, with the threat of a recommendation of dismissal if he failed to do so.  The County attorney has confirmed that no statements have been served on the defendants, and there has been no filing reflected on the court docket in either case.

Thus, I recommend that both actions be dismissed.

Dismissal is warranted under both Rules 37 and 41. Rule 37 provides a range of sanctions for failure to comply with a court order including, *inter alia,* dismissal. Fed. R. Civ. P. 37 (b)(2)(A)(v). Here, the court twice ordered the plaintiff to file and serve a narrative statement to start the discovery process and he has not done so in response to either order. It is well settled that "discovery orders are meant to be followed" and failure to do so may result in a dispositive sanction. *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995). Rule 37 sanctions have three objectives: to "ensure that a party will not benefit from its own failure to comply," to serve as a specific deterrent to obtain compliance with a specific order, and to "serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd.,* 843 F.2d 67, 71 (2d Cir. 1988). The decision of whether to impose sanctions is left to the sound discretion of the court. *See National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642 (1976)(per curiam). I find that the plaintiff's failures warrant a recommendation of dismissal under Rule 37.

The claims should also be dismissed pursuant to Rule 41. Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995). Here, the plaintiff failed to comply with the court's orders of 1/26/11 and 7/27/11 and has not taken any other actions to prosecute his case.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to the plaintiffs by mail and to counsel for the defendants by electronic filing on the date below. Any objections to this Report

and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
September 8, 2011

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge